## Richardson v. Ambler National Bank

*Wisler, Pearlstine, Talone & Gerber*, for plaintiff.
*Elmer L. Menges*, for defendant.

DANNEHOWER, J., April 21, 1955.—On January 4, 1955, plaintiff, who on August 13, 1954, had been duly appointed as administrator in the estate of Anna M. Munro, filed a complaint in assumpsit against defendant bank, alleging that the bank had refused to pay over the sum of $454.73, which sum belonged to decedent and was then on deposit with the defendant bank in decedent's name.

On January 21, 1955, defendant bank filed an ex parte petition with the court, averring that on August

27, 1954, a petition for the revocation of plaintiff's letters of administration had been filed with the register of wills, that on September 22, 1954, plaintiff and one Anna Mullhollen had filed a caveat with the register of wills objecting to the probate of a will of decedent dated February 15, 1954, that a hearing was held on the said caveat and that no decision or decree had as yet been entered. Defendant further averred that it had "been informed that said fund belongs to Elmer L. Menges, the Executor named in the Will of Anna M. Munro, and that he had offered said Will for probate".

Based upon these averments, defendant contends it has no interest other than as a "stake-holder", and asks the court for leave to pay the sum in question into court. A decree permitting defendant's prayer was signed January 21, 1955. Plaintiff's counsel subsequently learned of the decree and on January 25, 1955, petitioned the court to amend its decree, basing his petition upon the fact that he had received no notice whatsoever of defendant's petition and had thus been deprived of an opportunity to defeat it, and further that the only reason the petition had been filed was to avoid the necessity of filing an answer in the assumpsit action in which case defendant would have had to admit that plaintiff was the duly appointed administrator in the estate of Anna M. Munro.

Thereupon Judge Corson made the following order: "AND NOW, January 25, 1955, a motion to amend above decree, also in the nature of an answer to the petition, having been filed, the above decree of January 21, 1955, is vacated, and the petition and motion to amend decree are directed to be placed upon the Argument List". Thereafter, on January 31, 1955, Elmer L. Menges, as executor under the will of Anna M. Munro, filed a complaint (presumably that of an intervenor) against defendant bank requesting that

the $454.73 be paid to him as executor. Argument was heard by the court en banc and the matter is now before us for decision.

The aforesaid complaint of Elmer L. Menges is unimportant to the decision, since, at the time the case was listed for argument, there was before us a petition for leave to pay the sum in question into court. However, it should be pointed out that Pa. R. C. P. 2328 requires that an intervenor must first petition the court for leave to intervene. This has not been done and until it has been done the complaint should not become a part of the record.

Defendant bank's petition is apparently in the nature of an interpleader which is covered by Pa. R. C. P. 2301-2325. Rule 2303(a)(1) requires that the petition set forth that the demand of a party not of record may expose defendant to double or multiple liability. No such allegation is made. In fact, defendant has failed to aver that any demand at all has been made by a party not of record. Its averment in paragraph (6) that "Your petitioner has been informed that said fund belongs to Elmer L. Menges, the Executor named in the Will of Anna M. Munro, and that he has offered said Will for probate," does not, for these purposes, amount to a claim. Subsection (a)(2) requires that the petitioner allege that the petition is filed in good faith and not in collusion with plaintiff or any claimant. There is no such allegation in the petition. Subsection (a)(4) of rule 2303 requires that the petitioner state whether he has admitted the claim of, or subjected himself to independent liability to, plaintiff or any claimant in respect to the subject matter of the action. Nowhere does this averment appear.

Rule 2305(a) requires that a copy of the petition for interpleader shall be served upon plaintiff or his attorney. No such service was made. Rule 2308 re-

quires that within 20 days after the court has ordered interpleader upon a properly filed and served petition, all claimants must be served with a copy of the petition, order of the court and a copy of all pleadings theretofore filed in this action. In view of the irregularities, both substantive and procedural, it should be impossible to comply with this rule.

In view of the aforesaid defects, we conclude that defendant's petition for leave to pay the money in question into court must be denied. Plaintiff administrator and defendant bank, are, therefore, in the same position as they were at the time of the service of plaintiff's complaint. Defendant bank must now answer, or, if it so desires, may properly petition the court for an order of interpleader in accordance with the prescribed rules of civil procedure.

And now, April 21, 1955, for the foregoing reasons, the petition of defendant, Ambler National Bank, for leave to pay money into the court is hereby dismissed and ordered stricken from the record, and if said money has been paid to the prothonotary, he is ordered to return the same, and said defendant is allowed 15 days in which to file an answer, if it so desires.